IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| PATRICIA HELMUT,<br>  119 Settlers Circle<br>  Winchester, Virginia 22602<br><br>DANIEL HELMUT,<br>  119 Settlers Circle<br>  Winchester, Virginia 22602<br>                  Plaintiffs<br><br>v.<br><br>ADVENTURE PARK, U.S.A., LLC,<br>  SERVE:  PHILIP J. McNUTT<br>  260 East Jefferson Street<br>  Second Floor<br>  Rockville, Maryland 20850-2333<br>                  Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No.:  20-224<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## ***COMPLAINT***
**(Negligence)**

COME NOW the plaintiffs by Counsel and in support of this Complaint state as follows:

1. The plaintiffs are residents and citizens of the State of Virginia.

2. The defendant is a Maryland LLC.

3. The defendant operates an amusement park known as Adventure Park.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) due to the diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

5. Venue is appropriate in this federal district under 28 U.S.C. § 1391 due to the fact that the incident in question occurred in this district.

6. On October 22, 2017 the plaintiff, Patricia Helmut was riding on the roller coaster at the defendant's premises at 11113 West Baldwin Road, Monrovia, Maryland 21770 (hereafter referred to as "the Premises") when the roller coaster failed to stop at the designated stopping

place and as a result crashed into a stationary roller coaster car which was thrust forward and sent into motion around the track.

      7.      The defendant was negligent for the following reasons:

      a.      Prior to the incident involving Patricia Helmut there had been a power outage and the compressor had cycled off. As a result there was air in the tank. This air was sufficient to cycle the roller coaster through the test that morning but was not sufficient to operate the brakes correctly once the roller coaster was opened to the public.

      b.      The defendant failed to properly test the compressor which activated the air brake system prior to opening the roller coaster to the public.

      c.      Prior to opening the roller coaster to the public, the defendant failed to test the roller coaster with a live passenger load.

      d.      Prior to opening the roller coaster to the public, the defendant failed to test all of the roller coaster cars.

      e.      The defendant failed to maintain a fail-safe braking system.

      f.      For such further reasons as may be adduced during the course of discovery or at trial.

      8.      If the roller coaster is deemed to be a common carrier then the defendant was held to the highest degree of care rule and in this instance failed to exercise even slight care which was a cause of the injury in question.

      9.      The plaintiffs assert that the doctrine of *res ipsa loquitor* applies, since the plaintiff suffered an injury that does not ordinarily occur absent negligence, the injury was caused by an instrumentality exclusively in the defendant's control and the injury was not caused by any act or omission by the plaintiffs and therefore the factfinder may draw an inference of negligence.

10.     As a result of the negligence of the defendant, the plaintiff suffered certain injuries and damages including but not limited to medical and hospital expenses incurred, loss of use of affected body parts, ongoing pain, suffering, mental anguish and limitation of motion, some or all of which continue up to the present time and may be continuing or permanent in nature.

11.     Daniel Helmut is the husband of Patricia Helmut and asserts herein a loss of consortium claim as a result of the negligence of the defendant.

WHEREFORE these premises considered the plaintiffs request judgment against the defendant.  Patricia Helmut requests judgment in an amount that will fully and fairly compensate her for the injuries and the damages suffered and ongoing/permanent in nature in an amount up to $2,000,000.00 plus an award of interest and cost.  Daniel Helmut asserts a claim for loss of consortium based upon his wife's injury in an amount of $500,000.00 plus an award of cost and interest.

 /s/ Brien A. Roche
Brien A. Roche, Esq., ID No. 12786
Johnson & Roche
8355A Greensboro Drive
McLean, Virginia 22102
*Tel:*  (703) 821-3740 / *Fax:*  (703) 790-9462
brienroche@aol.com
*Counsel for Patricia Helmut and Daniel Helmut*

**PLAINTIFFS REQUEST TRIAL BY JURY**